No. 13-4479-cv
Harper v. Government Employees Insurance Company

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
                      GERARD E. LYNCH,
                      SUSAN L. CARNEY,
                                      *Circuit Judges.*

_____

CANDACE HARPER, individually and on behalf of all other persons similarly situated,

                                      *Plaintiff-Appellant*,

and

LISA HOYT, MARK ANTHONY TURNER, ALLISON M. AKERS,

                                      *Plaintiffs*,

                      v.                                                          No. 13-4479-cv

GOVERNMENT EMPLOYEES INSURANCE COMPANY, AKA GEICO,

                                      *Defendant-Appellee*.

_____

FOR APPELLANT:          SETH RICHARD LESSER, Klafter Olsen & Lesser LLP,

Rye Brook, New York (Fran L. Rudich, Kurt Olsen, Michael J. Palitz, Rachel Berlin, Klafter Olsen & Lesser LLP, Robert M. Byrne, Marilyn McGoldrick, Thornton & Naumes LLP, *on the brief*).

FOR APPELLEES:        ERIC HEMMENDINGER, Shawe & Rosenthal LLP, Baltimore, Maryland (Teresa D. Teare, Shawe & Rosenthal LLP, Barry I. Levy, Kenneth A. Novikoff, Scott Green, Rivkin Radler, LLP, *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court granting summary judgment is VACATED and the case is REMANDED for further proceedings consistent with this order.

Plaintiff-appellant Candace Harper, individually and on behalf of all persons similarly situated ("appellants"), appeals an award of summary judgment in favor of the Government Employees Insurance Company ("GEICO"), holding as a matter of law that appellants fall within the administrative exemption to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a). We assume the parties' familiarity with the facts, procedural history, and specifications of issues on appeal, which we review only as necessary to justify our decision here.

The FLSA requires employers to pay an overtime rate of one and one-half times an employee's regular salary for any labor in excess of 40 hours a week. 29 U.S.C.

2

§ 207(a)(1).  However, the FLSA exempts several categories of employees from its overtime requirements, including, as relevant here, "any employee employed in a bona fide . . . administrative . . . capacity."  Id. § 213(a)(1).  In a set of binding regulations, the Secretary of Labor has defined "an employee employed in a bona fide administrative capacity" as an employee (1) who is compensated at no less than $455 a week, (2) whose "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a).  An employee's work bears on the "general business operations" of her employer if she "perform[s] work directly related to assisting with the running or servicing of the business, as distinguished, for example," from working in production or retail sales.  Id. § 541.201(a).  An employee exercises discretion and independent judgment if, "[i]n general," her work "involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  Id. § 541.202(a).  While administrative employees may have "their decisions and recommendations . . . reviewed at a higher level," they generally retain authority to make choices "free from immediate direction or supervision."  Id. § 541.202(c).

In addition to these broad guidelines, the Secretary's regulations specifically address the exempt status of insurance claims adjusters.  The relevant regulation provides:

3

> Insurance claims adjusters generally meet the duties
> requirements for the administrative exemption, whether they
> work for an insurance company or other type of company, if
> their duties include activities such as interviewing insureds,
> witnesses and physicians; inspecting property damage;
> reviewing factual information to prepare damage estimates;
> evaluating and making recommendations regarding coverage
> of claims; determining liability and total value of a claim;
> negotiating settlements; and making recommendations
> regarding litigation.

Id. § 541.203(a). Speaking as it does in generalities, § 541.203(a) does not create a

"blanket exemption for claims adjusters." Dep't of Labor, Wage & Hour Div., Op. Letter

(Jan. 7, 2005), at 2. Rather, courts must still perform "a case-by-case assessment to

determine whether [a given adjuster's] duties meet the requirement for exemption" under

§ 541.200(a). 69 Fed. Reg. 22122, at 22144 (Apr. 23, 2004); see also Roe-Midgett v. CC

Servs., Inc., 512 F.3d 865, 874 (7th Cir. 2008) (recognizing need for case-by-case

analysis).[*] Nor does § 541.203(a) distinguish between the administrative exemption's

"general business operations" prong and its "discretion and independent judgment" prong

in formulating its list of presumably "administrative" insurance-related tasks. Rather, the

section stipulates that insurance claims adjusters who perform the listed tasks in a

---

[*] Accordingly, the Department of Labor has opined that junior claims adjusters failed to qualify as administrative employees where their level of supervision narrowly circumscribed their discretion in processing claims. See Dep't of Labor, Wage & Hour Div., Op. Letter (Aug. 26, 2005), at 5-6. Analyzing a consecutive provision in § 541.203, this Court has also found that financial services employees – deemed to "generally meet" the duties requirements of the administrative exemption under § 541.203(b) – did not qualify as administrative employees where they performed such routine processing functions that they failed to affect the employer's general business operations. See Davis v. J.P. Morgan Chase & Co., 587 F.3d 529, 535 (2d Cir. 2009).

4

sufficiently discretionary way "generally" fulfill both "the duties requirements for the administrative exemption." 29 C.F.R. § 541.203(a).

In this case, appellants are a class of individuals employed as "telephone claims representatives" ("TCRs") at GEICO. They are responsible for processing claims brought against GEICO's customers for property damage or bodily injury following automobile accidents. In 2010, appellants obtained certification for a class action seeking unpaid overtime compensation from GEICO under the FLSA. After the close of discovery, appellants moved for partial summary judgment on the second prong of the administrative exemption and GEICO cross-moved for summary judgment as to all elements of the exemption. The district court granted summary judgment to GEICO on all counts.

We review an order granting summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom the judgment is sought. Doe ex rel. Doe v. Whelan, 732 F.3d 151, 155 (2d Cir. 2013). Summary judgment is appropriate only where the movant shows that "no genuine issue of material fact exists and that the undisputed facts entitle him to judgment as a matter of law." Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012) (internal quotation marks omitted). A genuine dispute of material fact exists where "the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation marks omitted).

The record in this case raises genuine disputes of material fact regarding whether

5

appellants performed a sufficient number of the tasks listed in § 541.203(a) with sufficient discretion and independent judgment to satisfy the administrative exemption's duties requirements. First, we note that several of the tasks enumerated in § 541.203(a) do not apply in this case. Unlike the traditional insurance adjusters described in § 541.203(a), TCRs employed at GEICO do not "inspect[] property damage." 29 C.F.R. § 541.203(a). Rather, they conduct all their work from a set of cubicles inside GEICO's offices. Nor do they "mak[e] recommendations regarding litigation." Id. While TCRs may "stay firm" on an offer, effectively committing GEICO to litigate unsettled insurance claims, the record provides no evidence that they remain involved in the ensuing litigation.

TCRs do "interview[] insureds" and "witnesses" regarding the facts of an accident and "review[] factual information to prepare damage estimates." Id. But the record features conflicting testimony regarding how closely GEICO's supervisors monitor the TCRs' investigations through phone calls, instant messages, and written instructions. Compare, e.g., Joint App'x at 82, 116, 577-78 (suggesting limited supervision), with id. at 77-78, 80, 85, 402 (suggesting extensive supervision). It also features contradictory testimony about the extent to which GEICO engineered its claims-adjusting software, ClaimIQ, to eliminate discretion on the part of TCRs and the extent to which the software actually circumscribes the content, phrasing, and sequence of the TCRs' questions. Compare, e.g., Joint App'x at 144-46, 156-57 (suggesting intent to create mnemonic guide); id. at 349 (suggesting deviation from ClaimIQ), with id. at 140, 211, 384

6

(suggesting intent to automate inexperienced hires); id. at 325, 384 423, 429 (suggesting strict adherence to digital prompt).

Similarly, GEICO insists that TCRs do "evaluat[e] and mak[e] recommendations regarding the coverage of claims" and do "determin[e] liability and total value of a claim." 29 C.F.R. § 541.203(a). Yet they do so largely by inputting the data gathered from their interviews into pre-defined fields in ClaimIQ, which subsequently applies its own algorithm to calculate the range of GEICO's financial liability. The record features conflicting evidence regarding how closely the TCRs' supervisors control the inputs that TCRs type into ClaimIQ and whether TCRs retain any power to change ClaimIQ's recommended liabilities when they disagree with them. Compare, e.g., Joint App'x at 434, 622, 570 (suggesting TCRs' sense of discretion in calculating liabilities), with id. at 330, 339, 560, 1153 (suggesting regular supervisor involvement in calculating input values and limited discretion in reaching preferred liability calculations).

Finally, TCRs do "negotiat[e] settlements" with claimants and their representatives. 29 C.F.R. § 541.203(a). Yet they do so within a limited settlement range prescribed by ClaimIQ, from which they can depart only with the permission of their supervisors. And the record again offers conflicting testimony regarding the extent of the supervisors' involvement in the TCRs' negotiations, including whether TCRs must obtain supervisor approval for settlements even within their authorized range and how frequently supervisors prescribe specific negotiation strategies. Compare, e.g., Joint App'x at 108,

7

348, 585 (suggesting personal discretion over negotiation discussions), with id. at 590-91, 1408, 1486 (suggesting that supervisors pre-approve settlement offers within ClaimIQ's range and determine negotiation tactics for individual files).

GEICO insists that the record contains no genuine disputes of material fact because some contradictions appear within the depositions of individual witnesses. According to GEICO, such conflicts point to the multi-layered nature of the TCRs' jobs more than to any factual discrepancies. Setting aside that only a fraction of the conflicts identified above involve contradictions within the same witness's testimony, internally contradictory statements by a single witness who expands or elaborates on prior testimony may be sufficient to create a genuine dispute of material fact precluding summary judgment. See Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996) ("Although a party does not show a triable issue of fact merely by submitting an affidavit that disputes his own prior sworn testimony, a material issue of fact may be revealed by his subsequent sworn testimony that amplifies or explains, but does not merely contradict, his prior testimony . . . .") (citations omitted). Alternately, GEICO suggests that the conflicts between testimony that TCRs exercise independent judgment and that they are subject to strict supervision reveal merely the varying preferences of individual supervisors. It is for a jury, however, and not for a court at summary judgment, to assess the discretionary nature of the TCRs' daily duties by evaluating the relative representativeness of these divergent accounts.

Drawing all inferences in appellants' favor, we find that the record could lead a reasonable jury to conclude that, to the extent that TCRs perform the tasks enumerated in § 541.203(a), they do so in too circumscribed and non-discretionary a manner to fall within that section's vision of a presumptively "administrative" employee satisfying both duties requirements of § 541.200(a). Consequently, we must remand the case for trial to let a fact finder, having weighed the parties' conflicting testimony, decide whether TCRs satisfy § 541.203(a) by performing enough of its enumerated duties in a sufficiently discretionary fashion.[**]

For the foregoing reasons, the judgment of the district court granting summary judgment to GEICO on the FLSA's administrative exemption is VACATED and the case is REMANDED for further proceedings consistent with this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[**] Appellants also challenge the district court's denial of two discovery requests: one for records of the TCRs' conversations over GEICO's instant-messenger system and one for records surrounding GEICO's implementation of ClaimIQ. A district court's discovery rulings are reviewed for abuse of discretion, subject to reversal only where the resulting discovery "is so limited as to affect a party's substantial rights." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008), quoting Long Island Lighting Co. v. Barbash, 779 F.2d 793, 795 (2d Cir. 1985). Appellants' limited briefing on this issue provides no compelling argument that the district court abused its discretion in denying these requests.